Ruffin, Chief Justice,
 

 having stated the case as above, proceeded as follows : It is contended on the part of the
 
 *128
 
 plaintiffs, that unless the answers had been perfected in the points excepted to, or the exceptions had been overruled, Court could not entertain a motion to dissolve the injunction. If exceptions are well founded, they certainly answer the motion to dissolve. Butter se they ought not, we fhmk, to have that effect. If merely taking exceptions, though frivolous, would fetter the defendants so tightly, we => ’ ... f • , might expect them m every case on the circuit, and especiaily when the remote residence of the defendant put it out of P°wer to perfect the answer promptly. Exceptions must be deemed well founded if the defendant submit to them ; or, if upon a reference to the master, he report in favor 0f them, until that report be overruled by the Court. But if the defendant do not submit, nor the plaintiff move for ' . . . a reference or his own exceptions in time to get a report before the defendant has a right to move to dissolve, the defendant may make his motion notwithstanding the exceptions. From the constitution of our Courts, this is unavoidable, as the means of preventing the plaintiff from taking exceptions for the purpose of staving off the mo-tkm to dissolve. Of necessity this brings on the exceptions, and the motion for a dissolution of the injunction, to be argued before the Court together ; for the Court will not disregard exceptions, but will look into them, and if found not to be frivolous, will give them due effect in repelling the de-fondant’s motion. It would on the other hand, be But a pretext t0 strangle justice, to allow the existence simply of a frivolous exception to stand in the way of hearing the parties upon their respective substantial allegations,
 

 lf excep-answer are well founded, they answer the ™dissoiu°r injunction But per
 
 se
 
 notyto°have that effect.
 

 Exceptions to an answer must well found-defendant submit to if'upoñ a°r’ ten h'? fa vor*of a themreport rulecPby the Court, defendant do not sub-the plain-for a refer-own ex-h'S ceptiona in ainrepo°rtSet d efe rulan t has a right to dissolve tioninJtiieC" defendant may malte his motion standing the excep-¿ions.
 

 We agree also with his Honor in thinking that there is nothing in the exceptions here taken, to prevent the decision that was made. Touching the circumstances of the husband, and the issue the marriage, the facts either way would be perfectly immaterial to the main points of inquiry, whether the deed was executed before or after the marriage, or whether, if before, it was in fraud of the marital rights,
 

 As to the other matter, this is not the proper method of ..... , , , presenting the objection. The deed is not to be made part of the answer or annexed to it. No allegation in the bill caus for u or ought to call for it, as annexed to the answer, 7 ®
 
 *129
 
 If a proper material to the plaintiff be in the defendant’s possession, or if an inspection of a paper belonging to the dé-fendant’ be essential to the plaintiff’s case, there is an easy method, in a proper case, of compelling its production, by an order obtained for that purpose. If disobeyed, the defendant will be in contempt, and of consequence, could make no motion. But here the attempt is to tie up the defendants, because they have not voluntarily filed the deed, without even a motion for such an order.
 

 As we think that, notwithstanding the omissions pointed out by the plaintiffs, the answers as they stand are directly, explicitly and fully responsive to all charges of the bill as to the fraud, or as to the circumstances of which a discovery is sought as evidence of the fraud, the decree must stand as pronounced by his Honor. Should the plaintiffs at law 'recover, the Court can protect the plaintiffs in this Court from danger of loss by the change of possession, by requiring security for the production of the slaves to answer the decree in this cause, if a reasonable ground for such an order can then be laid.
 

 The plaintiffs must pay the costs in this Court, and this opinion be certified by the clerk to the Court of Equity for Caswell.
 

 Per Curiam. Direct accordingly.